UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DUNKIN' DONUTS FRANCHISED                             :
  RESTAURANTS LLC,                                           :
  a Delaware Limited Liability Company,                :
DD IP HOLDER LLC,                                              :
  a Delaware Limited Liability Company,                :
BASKIN-ROBBINS FRANCHISED SHOPS LLC, :
  a Delaware Limited Liability Company,                :
BR IP HOLDER LLC,                                              :
  a Delaware Limited Liability Company,                :
                            Plaintiffs,                   :
           v.                                                            :   C.A. No. _____
                                                                              :
KNZ 110th LEXINGTON, LLC,                         :
  a New York Limited Liability Company,              :
KNZ 161 BROADWAY DONUT, LLC,                     :
  a New York Limited Liability Company, and     :
KNZ 149 BROADWAY DONUT, LLC,                     :
  a New York Limited Liability Company,              :
                           Defendants.            :
-----------------------------------------------------------------x

## **CERTIFICATION OF JACK LAUDERMILK**

      1.      My name is Jack Laudermilk. I am a citizen and resident of the Commonwealth of Massachusetts, and I make this Certification based on personal knowledge and in support of Plaintiffs' Memorandum in Support of its Motion for a Preliminary Injunction.

      2.      I am Associate General Counsel for Dunkin' Donuts Franchised Restaurants LLC, DD IP Holder LLC (unless otherwise specified, Dunkin' Donuts Franchised Restaurants LLC and DD IP Holder LLC are collectively referred to hereinafter as "Dunkin' Donuts" or "Dunkin'"), Baskin-Robbins Franchise Shops LLC and BR IP Holder LLC (unless otherwise specified, Baskin-Robbins Franchise Shops LLC and BR IP Holder LLC and BR IP Holder LLC are collectively referred to hereinafter as "Baskin-Robbins"). As Associate General Counsel, I

am the custodian of and have access to executed copies of all Dunkin' and Baskin-Robbins franchise agreements, leases, correspondence, and other related documents and records concerning each Dunkin' Donuts and Baskin-Robbins franchise. This includes the documents and records relating to the Dunkin' Donuts and Baskin-Robbins franchise owned by Defendants in this case. The documents attached hereto are kept in the course of Dunkin' and Baskin-Robbins' regularly conducted business activities, and it is Dunkin' and Baskin-Robbins' normal practice to make and keep these documents. My job responsibilities include being familiar with Dunkin' and Baskin-Robbins' standards enforcement policy, including overseeing litigation brought by or against franchisees. I am also familiar with the business of Dunkin' and Baskin-Robbins generally, including having knowledge regarding the resources Dunkin' and Baskin-Robbins have dedicated toward its intellectual property and the relationship between franchisees' operations and the goodwill associated with Dunkin' and Baskin-Robbins' marks.

     3.     Dunkin' is engaged in the business of franchising independent business persons to operate Dunkin' shops throughout the United States. Dunkin' franchisees are licensed to use the trade names, service marks, and trademarks of Dunkin' and to operate under the Dunkin' Donuts system, which involves the production, merchandising, and sale of doughnuts and related products utilizing a specially designed building with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks, and information.

     4.     Dunkin' is the franchisor of the Dunkin' Donuts franchise system.

     5.     DD IP Holder LLC, is the owner of the trademark, service mark, and trade name "Dunkin' Donuts" and related marks. Dunkin' Donuts has the exclusive license to use and license others to use these marks and trade name and has used them continuously since

approximately 1960 to identify its doughnut shops, and the doughnuts, pastries, coffee, and other products associated with those shops.

6.  DD IP Holder LLC owns numerous federal registrations for the mark "Dunkin' Donuts," and related marks. Among those registrations are Registration Nos. 748,901, 1,148,165, and 1,159,354. A true and correct copy of these documents is attached hereto as Exhibit A. Each of these registrations is in full force and effect, and is incontestable, pursuant to 15 U.S.C. § 1065.

7.  The Dunkin' Donuts marks have been very widely advertised and promoted by Dunkin' Donuts over the years. Dunkin' Donuts and its franchisees have expended approximately $875,000,000 in advertising and promoting the Dunkin' Donuts marks over the last twenty-nine years. Dunkin' Donuts spent approximately $94,000,000 in fiscal year 2000 alone on advertising and promotion. *See* Exhibit B (attached hereto).

8.  Dunkin' and its franchisees currently operate approximately 4,100 shops in the United States and approximately 1,800 shops outside of the United States. Dunkin' Donuts shops feature Dunkin' Donuts' distinctive trade dress, including the pink and orange color scheme, and the frankfurter lettering style. In the more than forty years since the Dunkin' Donuts system began, millions of consumers have been served in Dunkin' Donuts shops.

9.  As a result of the extensive sales, advertising, and promotion of items identified by the Dunkin' Donuts marks, the public has come to know and recognize the Dunkin' Donuts marks, and to associate them exclusively with products and services offered by Dunkin' Donuts and its franchisees. The Dunkin' Donuts marks are among the best and most widely known trademarks in the United States today, and are assets of inestimable value to Dunkin' Donuts, representing and embodying Dunkin' Donuts' considerable goodwill and favorable reputation.

10. The goodwill and reputation associated with the Dunkin' Donuts mark are impaired when a franchisee fails to maintain standards and operates an unsanitary or unclean business under the Dunkin' Donuts trademarks.

11. Conduct such as Defendants' occasionally gains local or even national media exposure. For example, in the fall of 1995, the nationally broadcast television program *Prime Time Live* did an expose on standards violations in quick service restaurants. Employees at two Dunkin' franchises with poor standards were shown on hidden camera displaying improper hygiene and food preparation techniques. The two franchisees responsible are no longer in the Dunkin' Donuts system. Previously, WWOR in New Jersey did a televised expose on a Dunkin' shop, accusing it of numerous standards violations. The type of negative publicity suffered as a result of these incidents can endanger Dunkin's long established reputation and goodwill.

12. Baskin-Robbins is engaged in the business of franchising independent business persons to operate Baskin-Robbins stores throughout the United States. Baskin-Robbins franchisees are licensed to use the trade names, service marks, and trademarks of Baskin-Robbins and to operate under the Baskin-Robbins system, which involves the production, merchandising, and sale of ice cream and related products utilizing special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks, and information.

13. Baskin-Robbins is the franchisor of the Baskin-Robbins franchise system.

14. BR IP Holder LLC is the owner of the trademark, service mark, and trade name "Baskin-Robbins" and related marks. Baskin-Robbins Incorporated has the exclusive license to use and license others to use these marks and trade names and has used them continuously since

approximately 1950 to identify its ice cream stores, and the ice cream and other products associated with those stores.

15.     BR IP Holder LLC owns numerous federal registrations for the mark Baskin-Robbins and related marks.

16.     The Baskin-Robbins marks have been very widely advertised and promoted by Baskin-Robbins over the years. Baskin-Robbins has expended tens of millions of dollars in advertising and promoting the Baskin-Robbins marks over the last fifty years. As a result, the Baskin-Robbins marks have become famous throughout the United States.

17.     Baskin-Robbins and its franchisees currently operate approximately 2,200 stores in the United States and 2,600 stores outside of the United States. In the more than fifty years since the Baskin-Robbins system began, millions of consumers have been served in Baskin-Robbins stores.

18.     As a result of the extensive sales, advertising, and promotion of items identified by the Baskin-Robbins marks, the public has come to know and recognize the Baskin-Robbins marks, and to associate them exclusively with products and services offered by Baskin-Robbins and its franchisees. The Baskin-Robbins marks are among the best and most widely known trademarks in the United States today, and are assets of inestimable value to Baskin-Robbins, representing and embodying Baskin-Robbins' considerable goodwill and favorable reputation.

19.     The goodwill and reputation associated with the Baskin-Robbins trademarks are impaired when a franchisee fails to maintain standards and operates an unsanitary or unclean business under the Baskin-Robbins trademarks.

20.     Defendant KNZ 110th Lexington, LLC is a Dunkin' franchisee for a retail doughnut shop store located at 1773 Lexington Avenue, New York, New York 10029

("Lexington Avenue Shop") pursuant to a Franchise Agreement dated May 29, 2003 (the "Lexington Avenue Agreement").  A true and correct copy of the Lexington Avenue Agreement is attached hereto as Exhibit C.  Defendant is licensed to use the Dunkin' trademarks, trade names, and trade dress.

21.     Defendant KNZ 161Broadway Donut, LLC is a Dunkin' and Baskin-Robbins franchisee for a retail doughnut shop and ice cream store located at 3851 Broadway, New York, New York 10032 ("3851 Broadway Shop") pursuant to a Franchise Agreement dated November 23, 2004 (the "3851 Broadway Agreement").  A true and correct copy of the 3851 Broadway Agreement is attached hereto as Exhibit D.  Defendant is licensed to use the Dunkin' and Baskin-Robbins trademarks, trade names, and trade dress.

22.     Defendant KNZ 149 Broadway Donut, LLC is a Dunkin' and Baskin-Robbins franchisee for a retail doughnut shop and ice cream store located at 3600 Broadway, New York, New York 10031 ("3600 Broadway Shop") pursuant to a Franchise Agreement dated April 6, 2005 (the "3600 Broadway Agreement").  A true and correct copy of the 3600 Broadway Agreement is attached hereto as Exhibit E.  Defendant is licensed to use the Dunkin' and Baskin-Robbins trademarks, trade names, and trade dress.

23.     Dunkin' provides each of its franchisees a set of manuals and guidelines (collectively referred to hereinafter as the "Dunkin' Manuals") which set forth in detail the procedures, methodology and standards applicable to the operation of a Dunkin' shop.  These documents include:

a.     The Network Administration Manual, which includes detailed sections on Operations Assessment for Customer Satisfaction (Chapter 5), Building and Site Maintenance (Chapter 11), Sanitation (Chapter 13), and Standards (Chapter 14);

  b. The Production and Distribution Manual, which includes detailed sections on Cleaning, Sanitizing and Maintaining Production Area Equipment (Chapter 1) and the production and handling of food products;

  c. The Customer Service Manual, which includes detailed sections on Receiving and Storing Raw Materials (Chapter 1), Service Procedures (Chapter 3), Procedure for Brewing and Serving Coffee (Chapter 4), Heating and Serving Bakery Products (Chapter 6), Making and Serving Sandwiches (Chapter 7), Procedures for Preparing and Serving Soup (Chapter 8), and Cleaning, Sanitizing and Maintaining Sales Area Equipment (Chapter 9); and

  d. The Retail Food Safety System Manual.

  24. Baskin-Robbins provides each of its franchisees manuals, guides, and plans (collectively referred to hereinafter as the "Baskin-Robbins Manuals") which set forth in detail the procedures, methodology, and standards applicable to the operation of a Baskin-Robbins store. These documents include:

  a. The Store Operations and Management Guide, which includes detailed sections on Dress Standards (Chapter 205.1), Cleanliness and Store Appearance (Chapters 300.1-303.1), Ice Cream Product Handling (Chapter 604.1), Yogurt Product Handling (Chapter 609.1), Product Preparation (Chapters 700.1-704.1), Sanitation and Maintenance (Chapters 1100.1-1108.1), and Safety (Chapter 1207.1);

  b. The Rules of Operation of a Baskin-Robbins Store; and

  c. The Retail Food Safety System Manual.

24. Taken together, the Dunkin' and Baskin-Robbins Manuals provide detailed and specific guidance and standards regarding health, sanitation, and safety.

I certify under penalty of perjury that the foregoing is true and correct. Executed on this 4th day of May, 2007.

Jack Laudermilk